## OLGA J. B. STEINMAN
### vs.
## PAUL STEINMAN

Superior Court  New Haven County   File #11381
(At Waterbury)
Present: Hon. ALFRED C. BALDWIN, Judge.
William W. Gager,     Attorney for the Plaintiff.
Albert W. Hummel,     Attorney for the Defendant.

121 Conn. 498   MEMORANDUM FILED NOVEMBER 27, 1935.

BALDWIN, J. This is an action for a divorce, alimony, custody and support of a minor child. The complaint alleges

habitual intemperance for more than a year last past and intolerable cruelty since January 1, 1903.

The parties were married November 12, 1902, and have lived in Middlebury since sometime before their marriage. They have six children all over twenty-one years of age except Anna Josephine, who is sixteen years of age.

In the earlier years of their married life they engaged in farming and produced and sold milk, the farm which they operated, in substantial part, coming to the plaintiff from her parents. They also bought another farm which later was sold at a very substantial advantage.

In the operation of the farm and the production of milk, plaintiff and the children including the oldest daughter have worked in the fields and assisted in milking the cows, of which they normally had twenty, and in every way have assisted and contributed substantially to the success and well-being of the family.

During the latter part of their marriage they have converted the farm into a real estate development and they have also bought and developed and sold other real estate.

They have been industrious, frugal and in all of these activities, quite successful financially. It is a sad situation that now, in the latter years of their lives, with this family of children, they cannot together in peace and in happiness, enjoy the results of their industry and frugality.

During all of these years the defendant has subjected the plaintiff to most abusive treatment, addressing her with profanity, calling her most vile, obscene and indecent names, charging her with immoral conduct in which she did not indulge and at times treatening her with most serious bodily harm.

This conduct has been indulged in by him in the presence of their children, and to no small extent they have suffered from the abuse which plaintiff received, some of which they also have endured.

Defendant uses intoxicating liquors frequently and to such extent that it has been a substantial contributory factor in this abusive treatment of his wife, since, when somewhat

under the influence of liquor he gives way, freely, to the unkind and abusive elements of his nature.

This treatment has subjected plaintiff on various occasions to a very nervous and upset condition requiring medical treatment and on one occasion hospital treatment and she has sustained loss of weight and she has absented herself from the home in order to regain her health. On occasions when away from the defendant he has importuned her to return and has promised her to treat her, if she would return, with consideration, and on one occasion of her absence he promised upon her return to reconvey to her her interest in property they jointly owned, some of which she had conveyed to him. This promise to reconvey was not kept after her return until after she had started an action in this court. Subsequent to the bringing of that action and shortly before this action was brought there was a mutual division of the property between them in which defendant conveyed to plaintiff the minor share and barely what she legally and equitably was entitled to. This was no settlement of any claim of future support nor of alimony nor of any interest in his estate nor of future support of their minor child, as claimed by the defendant. It was a conveyance to the plaintiff of her interest in their joint estate which, although in his name, she owned and was entitled to in her own right.

His promises to treat her with consideration in the event of her return to him were never kept. Upon the other hand, his treatment of her grew even more intolerable.

The allegation of intolerable cruelty is abundantly sustained.

A decree of divorce on the ground of intolerable cruelty may be entered for the plaintiff and the custody, care and education of the minor child is awarded to the plaintiff.

Plaintiff owns real estate of the value of $11,675. and she has mortgages of the value of $9,422.75, a total estate of $21,097.75.

Defendant owns real estate of the value of $19,475. and mortgages of the value of $9,037., a total estate of $28,512.

Seven Thousand Five Hundred Dollars is a reasonable sum to award the plaintiff as alimony.

The defendant on occasions has threatened to return to the

country from which he came—Switzerland—in the event plaintiff secured a divorce from him. This he may do. Under the circumstances judgment for a present sum to be paid to the plaintiff for the care, support and education of the minor child will be of greater value than would be a like sum payable in monthly or other instalment payments over a period of years as his contribution to the support of such child.

The sum of Three Thousand Dollars is a reasonable sum to award to the plaintiff as the contribution of the defendant for the care, support and education of the minor child during her minority.

Judgment may be rendered for the plaintiff in accordance with this memorandum.